Good morning, your honors. Saad Ahmed for the petitioner. Your honor, there are two main issues in this case today. The first issue is whether the record establishes that the petitioner received a sentence of at least five years to be disqualified from seeking withholding of removal. And the second issue is if the record is inconclusive, did the respondent meet his burden of establishing his eligibility for withholding of removal? Did you raise the issue of aggravated felony before the BIA? Yes, your honor. We, the petitioner agreed, excuse me, the petitioner admitted that he was an aggravated felon. The issue before the BIA was whether the crime was particularly serious by looking at all the factors under matter of Francesco. And that issue was properly raised. The immigration judge concluded that based on the circumstances of the crime, it was a particularly serious crime. The board agreed with the immigration judge, but the board reversed that finding and concluded instead that the record established that petitioner received a sentence of more than five years for his aggravated felony. And therefore, his crime was per se a particularly serious crime. I would like to point out one thing today is that subsequent to the briefing in this case, this court decided a case called Anaya Ortez versus the attorney general, which held that categorical as well as modified categorical approaches are no longer required for determining whether a particular offense constitutes a particularly serious crime. The court actually gave deference to the board's case matter of NAM and held that categorical approach was no longer necessary. However, even if this court were to go beyond the categorical analysis under Taylor, the facts of this case, excuse me, the record of this case does not establish that the petitioner received a sentence of more than five years for his aggravated felony. The record shows that the petitioner received five years of probation, and probation is not a sentence for immigration purposes, and was required to go to county jail for one year. And the only evidence to support the BIA's determination that the petitioner received a five-year sentence was a minute order. And even if this court were to admit that minute order, that minute order is inconclusive, and therefore the respondent, it does not establish that respondent received a five-year sentence. This court has previously held in a case called Sandoval Loa, and I believe it was Judge Thomas' case, that if the record is inconclusive, the alien meets his burden for establishing his eligibility for relief that he's seeking. In this case, because the record is inconclusive, the board's determination, therefore, cannot stand that the petitioner's offense was per se a particularly serious crime. I would also like to point out that the petitioner is also challenging, in this petition, the immigration judge's, excuse me, the BIA's denial of his motion to reopen, I mean to apply for adjustment of status, on two grounds. The BIA denied the motion to reopen because it found that the petitioner was statutorily ineligible based on the fact that he was a lawful resident and therefore could not, based on his aggravated felony, could not establish his eligibility. And it also denied as a matter of discretion. And what I like to point out that on both grounds the BIA erred. First of all, as I mentioned earlier, that the petitioner was never lawfully admitted to the United States in the first place, and therefore his admission was never lawful to begin with. And the second thing, as a matter of discretion. How did he come to apply for lawful permanent resident status? Excuse me, Your Honor, I'm sorry. How did he come to apply for LPR status? Your Honor, based on his marriage to his U.S. citizen wife, and unfortunately when he applied for his lawful status in Fiji, he did not disclose that he had some prior run-ins with the law which would have made him inadmissible. And so therefore his admission was valid only in form. It was not valid in substance. And therefore How does that help him? Your Honor, in this case it would help him because a person, an alien who was admitted in lawful status, was a lawful permanent resident, and has an aggravated felony conviction, that person is ineligible to seek a 212H waiver to waive the criminal inadmissibility bar to adjustment. And because he has an aggravated felony, we can see that he has an aggravated felony, he's ineligible for that status. So what we are arguing is that because his admission was not lawful, he was never admitted lawfully. Therefore, he could still seek adjustment of status based on that. Even though he lied in his prior application? Yes, Your Honor.  The ultimate adjustment of status is a discretionary determination. The court looks at, you know, that may be a negative factor, but it does not statutorily bar him from seeking adjustment of status in the United States, based on his marriage to a U.S. citizen, the same petitioner who initially sponsored him. And the other issue that I want to raise is that in denying the motion to reopen, the board did not take into account the hardship to the petitioner's daughter. And therefore, I believe that it also erred on that grounds. Do we have jurisdiction to review that? Your Honor, it has jurisdiction to review if it's a legal error. Wait. Yes, Your Honor. The court does have jurisdiction to review it if it's a legal error or a constitutional error. I think in this case, failure to follow the proper standard is a legal error. And therefore, this court does have jurisdiction over that. Okay. Do you want to save some time for rebuttal? Yes, Your Honor. Okay. Thank you. We'll hear from the Attorney General at this time. Ms. Maurer. Good morning. May it please the Court, my name is Brooke Maurer for the Attorney General. Your Honor, this is not a case of removability. Right here there are two issues that are primarily before the Court, whether this Court does have jurisdiction in part concerning the discretionary determinations regarding the 212H waiver and whether or not the petitioner met his burden that he was eligible for relief. The government asserts that the record does support that he was convicted of a crime and sentenced to the middle term of 6 years. That's evidence in the minute order on administrative record pages 651 through 653. And it's noted on both the bottom of page 651 that he was sentenced to the middle term of 6 years and also on the top page of 652. And I know that, Counsel, we had submitted a 28J letter pursuant to your more recent holding in Snellenberger where this Court had allowed use of a minute order identical to this one to show that a petitioner had been convicted of a crime for a particularly serious crime for over 5 years. Pardon me, I'm losing my voice. Turning to the discretionary matter and the 212H waiver, Petitioner points out that he may or may not have LPR status. The government finds this to be a harmless error because the Board clearly issued an alternative finding that in their discretion they still would not have granted that waiver, and this Court is without jurisdiction to even review that finding. Does this Court have any questions for? I don't see any. Okay. Thanks for coming in today. Thank you. Have a wonderful evening. Good to have you here this week. Counsel? Your Honor, I'd just like to point out one thing, that we admit, we agree that under this Court's new ruling in Ortaz, it can look at all reliable evidence to determine whether a crime is serious for withholding of removal purposes. However, what we like to say is that the record in this case does not establish that the minute order established that he received a sentence of five years. Under California statutory scheme for sentencing, if a person is sentenced to five years probation, if he's given five years probation and is given some jail time, the jail time is the actual sentence, not the probation. Okay. Thank you, Your Honor. All right. Thank you very much. Let's thank both counsel for their arguments. The case just argued will be submitted for decision.
judges: Korman, Hawkins, Thomas